[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 53.]

[THE STATE EX REL.] KILBANE, JUDGE, ET AL. *v.* MENGEL, CLERK, ET AL.

[Cite as *State ex rel. Kilbane v. Mengel*, 2001-Ohio-7090.]

*Motion to dismiss granted.*

(No. 01-1500—Submitted October 16, 2001—Decided December 28, 2001.)

IN MANDAMUS.

IN PROHIBITION.

————————————

{¶ 1} Respondents' motion to dismiss is granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs separately.

PFEIFER, J., concurs separately.

————————————

**DOUGLAS, J., concurring.**

{¶ 2} I concur in the judgment of the majority to dismiss this case. I do so, among other reasons, because neither the Clerk of this court nor the Reporter of this court has any direct role in issuing, implementing, or enforcing local rules. The Clerk's only duty is to receive a local rule when filed with this court and to place the document in a file. Likewise, the Reporter of this court has no function, including any duty to publish, with regard to any local rule.

{¶ 3} Accordingly, the Clerk's duty is entirely ministerial. The Reporter's duty is nonexistent.

{¶ 4} I also write to make an additional point. App.R. 41(A) allows courts of appeals to "adopt rules concerning local practice in their respective courts that are not inconsistent with the rules promulgated by the Supreme Court." App.R.

41(B) provides, "Local rules shall be adopted *only* after the court gives appropriate notice and an opportunity for comment. If the court determines that there is an immediate need for a rule, the court may adopt the rule without prior notice and opportunity for comment, *but promptly shall* afford notice and opportunity for comment." (Emphasis added.)

{¶ 5} I am aware of Judge Patton's concurring opinion in *Miller v. Miller* (2000), 139 Ohio App.3d 512, 521, 744 N.E.2d 778, 785, wherein Judge Patton stated, with regard to the rule in question, that "[w]e have invited public comment on the proposed amendment to Loc.R. 22 pending a final vote on the rule." However, the record before us is silent on compliance with App.R. 41(B). If App.R. 41(B) was not followed, I suggest, then, that the promulgated rule, Loc.R. 22(C) of the Cuyahoga County Court of Appeals, has no force or effect.

_____

**PFEIFER, J., concurring.**

{¶ 6} I agree that this cause should be dismissed. However, I believe that Loc.App.R. 22(C) is ill-advised and cannot possibly trump the First Amendment right of Judge Kilbane to write in any way she sees fit.

_____

*Webster & Webster, LLP,* and *David B. Webster; Jeffrey M. Gamso; Richard B. Saphire;* and *Raymond V. Vasvari, Jr.*, for relators.

*Betty D. Montgomery*, Attorney General, and *Elise Porter*, Assistant Attorney General, for respondents.

_____